# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR ENVIRONMENTAL )
RESPONSIBILITY, )
2000 P Street NW, Suite 240 )
Washington, D.C. 20036 )
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　　　)
v. )　　Civil Action #
　　　　　　　　　　　　　　　　　　　　　　　　　)
NATIONAL PARK SERVICE )
1849 C Street NW )
Washington, D.C. 20240 )
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant. )
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　) **COMPLAINT**

## PRELIMINARY STATEMENT

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the National Park Service ("NPS") to disclose records withheld wrongfully after a FOIA request and subsequent appeal from Plaintiff. FOIA requires that federal agencies respond to public requests for documents, including files maintained electronically, in order to increase public understanding of the workings of government and access to government information.

2. Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of the federal government. Plaintiff requested the subject records in order to learn about NPS's planning and expenses in connection with its highly publicized Centennial in 2016.

3. Plaintiff submitted a FOIA request to NPS dated February 15, 2013 requesting NPS documents regarding the upcoming 2016 NPS Centennial, including a budget, communications strategies, and proposed congressional legislation.  By an email dated February 27, 2013, NPS confirmed receipt of Plaintiff's FOIA request and assigned it NPS FOIA number 2013-00348.  NPS provided two documents responsive to Plaintiff's request, but claimed that it did not have many of the documents sought.  On July 17, 2013, Plaintiff filed an administrative appeal for the partial denial of its request.  NPS has never acknowledged or responded to Plaintiff's administrative appeal.  It has now been well over the twenty day statutory time limit for NPS to respond to Plaintiff's appeal and well over the twenty day statutory limit to provide Plaintiff with responsive documents.

4. NPS's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  NPS's conduct frustrates Plaintiff's efforts to educate the public regarding ongoing activities at NPS and is a violation of the FOIA.

5. Plaintiff seeks a court order requiring NPS to produce immediately the documents sought in the February 15, 2013 FOIA request, as well as other appropriate relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over the action under 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

8. This court has the authority to award costs and attorney's fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

9. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e), because the Defendant resides in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district.  Venue is also proper under 5 U.S.C. § 552 (a)(4)(B).

## PARTIES

10. Plaintiff PEER is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Arizona, Colorado, Florida, Massachusetts, New Jersey, and Tennessee.

11. PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii).  Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues, focusing on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

12. Informing the public about these important public policy issues is central to PEER's mission.  PEER educates and informs the public through news releases to the media, PEER's website www.peer.org, which draws 1,000 and 10,000 viewers per day, and PEER's newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

13. Defendant is an agency of the United States as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of FOIA. It is denying Plaintiff access to its records in contravention of federal law.

## FACTS

14. In June of 2011, at the direction of Director Jonathon B. Jarvis, the NPS Advisory Board formed the Centennial Advisory Committee in preparation for the celebration of the National Park Service Centennial in 2016.  Specifically, the thirty-member committee was tasked with developing a communications initiative to introduce more of the American people to the National Park Service. According to its own report, as of November 2012, the Centennial Advisory Committee had convened multiple meetings and had arranged for Director Jarvis to meet with four advertising/marketing firms.

15. On February 7, 2012, NPS announced a new office dedicated to the National Park Service Centennial in 2016.  Director Jarvis appointed Alexa Viets as Chief of the new NPS Centennial Office.

16. NPS selected the Grey Group to spearhead the communications initiative, estimated to cost approximately $6 million annually for the five years leading up to the Centennial.

17. On February 15, 2013, Plaintiff submitted a Freedom of Information Act request to the NPS requesting records relating to the upcoming Centennial in 2016.  Specifically Plaintiff requested the following:  (1) Documents describing the NPS campaign for the upcoming 2016 NPS Centennial, including any communications strategy, plans for media buys or other public outreach; (2) A budget for this campaign with a breakdown of both the proposed expenditures and amount of funds by source, including any estimates of anticipated congressionally appropriated funding; (3) Any requests for proposals issued to advertising or public relations firms regarding this campaign, including a copy of any contract(s) executed or awarded; and (4) Documents describing proposed congressional

legislation allowing, *inter alia*, greater flexibility with corporate gifts/endowments in connection with Centennial activities.

18. NPS acknowledged receipt of Plaintiff's FOIA request by an email dated February 27, 2013, assigned it NPS FOIA number 2013-00348, and provided two web addresses relating to the subject matter of the request.

19. On May 9, 2013, via two email messages in response to Plaintiff's email inquiry about the request's status, NPS produced one document responsive to Plaintiff's request – NPS produced its request for proposals – and advised as to the status of other responsive documents.

20. In an email dated May 17, 2013, the NPS FOIA officer requested further clarification from Plaintiff regarding what Plaintiff meant by the term "Centennial Campaign" in its February 15, 2013 FOIA request.

21. In an exchange of emails between NPS and Plaintiff on May 22, 2013, a breakdown of the elements of Plaintiff's request was agreed upon to fulfill the request. The NPS FOIA Officer agreed to ask relevant personnel for documents related to ten specific questions: (1) How will the NPS Centennial be celebrated and what are the goals of the celebration; (2) How much will it cost; (3) How will it be paid for and by whom; (4) What role or involvement did Director Jarvis or other senior NPS staff, have in the development of the RFP for advertising services that was put out by the National Park Foundation; (5) What role or involvement did Director Jarvis or other senior NPS staff have in the final selection and awarding of that contract; (6) Does Director Jarvis or any other senior NPS staff have copies of either the proposal submitted by Gray or any other bidder; (7) Was Director Jarvis or any other senior NPS staff provided with a copy of the final contract,

which was awarded to the Gray Group; (8) How was the figure of $6 million arrived at for the purposes of the contract, which was awarded by the NPF to the Grey Advertising Group and what services will be provided for that money; (9) What information exists regarding plans to commemorate the NPS Centennial; and (10) What is the charge and scope of the Steering Committee that has apparently been meeting with and advising Director Jarvis over the past two years regarding the NPS Centennial.  The NPS FOIA Officer proposed a date range beginning January 2012 and ending the date of the search.

22. On June 10, 2013, NPS released a responsive document describing proposed congressional legislation via email. NPS also withheld six documents under FOIA Exemption 5 that had not yet been approved by the Office of Management and Budget for submission to Congress.

23. By email on July 8, 2013, NPS sent a final response stating that it would not provide any more material than had previously been provided—the Request for Proposal and document describing the proposed congressional legislation.  NPS did not provide any documents relating to the breakdown of elements that was agreed upon on May 22.

24. Plaintiff appealed on July 17, 2013. Plaintiff contested the finding that NPS has no further documents responsive to FOIA request, including items (1) Documents describing the NPS campaign for the upcoming 2016 NPS Centennial, including any communications strategy, plans for media buys or other public outreach; (2) A budget for this campaign with a breakdown of both the proposed expenditures and amount of funds by source, including any estimates of anticipated congressionally appropriated funding; and (3) Any requests for proposals issued to advertising or public relations firms regarding this campaign, including a copy of any contract(s) executed or awarded.

25. Plaintiff contested the final response as being incomplete and constituting a constructive denial of the FOIA request. Based on NPS' own public statements, NPS has already created a new office dedicated to the Centennial, formed a thirty-member advisory committee, negotiated with multiple advertising firms, and contracted with Grey Group for a multi-million dollar contract. Despite these significant steps, NPS has claimed that it has no responsive documents relating to these activities. Plaintiff believes that NPS possesses documents responsive to Plaintiff's request that it has not produced and that NPS is withholding documents in violation of FOIA.

26. Defendant has not acknowledged or responded to Plaintiff's July 17, 2013 appeal within the twenty work-days required by the statute. 5 U.S.C. § 552(a)(6)(A)(ii).

27. NPS has constructively denied Plaintiff's FOIA request in violation of FOIA, 5 U.S.C. § 552, by not responding to the appeal.

28. NPS has constructively denied Plaintiff's FOIA request in violation of FOIA, 5 U.S.C. § 552, by failing to provide a complete response to Plaintiff's FOIA request.

29. Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) for its FOIA request, and now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CAUSE OF ACTION

### Count I: Violation of the Freedom of Information Act

30. Plaintiff repeats allegations in paragraphs 1 through 29.

31. The NPS's incomplete response and failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agencies' own regulations promulgated thereunder.

32. NPS's failure to respond to Plaintiff's appeal within the statutory deadline is a violation of FOIA, 5 U.S.C. § 552, and the agencies' own regulations promulgated thereunder.

33. NPS is unlawfully withholding agency records in violation of FOIA.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests and prays that this court:

i. Enter an Order declaring that NPS has wrongfully withheld the requested agency records;

ii. Issue a permanent injunction directing NPS to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until NPS is in compliance with FOIA, APA and every other order of this Court;

iv. Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: September 18, 2013

Respectfully submitted,

_____/s/_____
Kathryn Douglass, DC Bar No. 995841
Staff Counsel
Public Employees for Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
(202) 265-7337